IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAY HURT,

   Plaintiff,

v.

ALL CORRECTIONS OFFICERS
  AND STAFF EMPLOYED BY
  NORTH BRANCH CORR. INST.,

   Defendants.

Civil Action No.: SAG-21-456

**MEMORANDUM**

The above-entitled complaint was received by the court on February 22, 2021, along with plaintiff's motions for leave to proceed in forma pauperis and to appoint counsel. ECF 2 and 3. Because he appears indigent, plaintiff's motion for leave to proceed in forma pauperis shall be granted. The complaint must be dismissed for failure to state a claim and therefore plaintiff's motion to appoint counsel shall be denied.

Plaintiff, who is incarcerated at North Branch Correctional Institution ("NBCI"), alleges that all of the correctional officers at NBCI "have discovered a method to watch him all day long as he sits alone in his cell, and to flush toilets in the cells surrounding his own in [a] manner to coincide with plaintiff's actions while in his cell." ECF 1 at 2. He asserts that this "treatment is not plaintiff's sentence consists of" and that "if true that plaintiff is monitored via satellite" criminal charges are warranted. *Id*. As relief for an alleged violation of his Fourth and Eighth Amendment rights, plaintiff seeks five-million dollars in damages. *Id*. at 3.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Additionally, under the provisions of 28 U.S.C. § 1915(e)(2) a case shall be dismissed at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Even liberally construed, the instant complaint does not state a claim upon which relief may be granted. The facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 569.

The allegations contained in this complaint appear to be the product of delusional or disordered thought processes which may not be addressed in a judicial forum. A complaint that is totally implausible or frivolous, such as this, may be dismissed *sua sponte* for lack of subject matter jurisdiction pursuant to Fed R. Civ. P 12 (b)(1). *See Apple v. Glenn*, 183 F.3d 477 (6th Cir. 1999); *O'Connor v. United States*, 159 F.R.D. 22 (D. Md. 1994); *see also Crowley Cutlery Co. v. United States*, 849 F.2d 273, 277 (7th Cir. 1988)(federal district judge has authority to dismiss a frivolous suit on his own initiative). Pertinent to the court's consideration here, plaintiff is incarcerated and any alleged constant surveillance, via satellite or otherwise, is a required element of his imprisonment. Absent from the allegations raised is any conduct, policy, or actions that would

lead any reasonable person to believe that plaintiff has suffered a violation of his constitutional rights.

When a complaint filed by a prisoner is dismissed in its entirety because it is frivolous, malicious or fails to state a claim it qualifies as a "strike" under the provisions of 28 U.S.C. § 1915(g).  *See Blakely v. Wards*, 738 F.3d 607, 610 (4th Cir. 2013) (dismissal of complaint on grounds enumerated in § 1915(g), and not procedural posture at dismissal, determines whether the dismissal qualifies as a strike).  More recently, the Supreme Court held that dismissal with or without prejudice for any of the grounds enumerated in § 1915(g) constitutes a "strike" under the Act.  *Lomax v. Ortiz-Marquez*, _U.S._, 140 S.Ct. 1721, 1724 (2020).  Because this complaint is dismissed for failure to state a claim, the dismissal constitutes a strike.  Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it . . . fails to state a claim upon which relief may be granted, unless" he can establish he "is under imminent danger of serious physical injury."

A separate order dismissing the complaint and issuing a strike follows.

March 2, 2021                                           /s/
Date                                             Stephanie A. Gallagher
                                                 United States District Judge